IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| WAL-MART PUERTO RICO, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JUAN C. ZARAGOZA-GÓMEZ, in his official capacity as Secretary of the Treasury of the Commonwealth of Puerto Rico,<br><br>    Defendant | CIVIL No. 15-3018 (JAF) |

**MOTION TO AMEND/ALTER ORDERS
AND TO STAY DISCOVERY PROCEEDINGS**

**TO THE HONORABLE COURT**:

**APPEARS** "Defendant," Secretary of the Treasury of the Commonwealth of Puerto Rico, in his official capacity, without submitting to the jurisdiction of this Court, and respectfully submits this Motion requesting the Court to reconsider its orders of December 14, 2015 (***ECF No. 16***), December 21, 2015 (***ECF No. 27***), December 22, 2015 (***ECF No. 28 & 29***), the orders issued during the December 23, 2015 hearing (*see* Transcript and Minutes of that hearing, ***ECF No. 37 & 39***); and the orders of December 30, 2015 (***ECF No. 42***) and January 4, 2016 (***ECF No. 46***).

Defendant urges the Court to change the current course of embarking the parties in early and expedited discovery concerning Wal-Mart's contention that here are present exceptions to the jurisdictional bar of the Butler Act; and the recent addition to that task of also compelling the parties to engage in discovery of the merits of the case and to go to trial beginning on February 2, 2015. Defendant requests the Court to stay all proceedings and decide Defendant's jurisdictional challenge *See* Motion to Dismiss (***ECF No. 24***).

This Court's order of December 30 (**ECF No. 42**) especially made impossible for Defendant a situation that was already very difficult, unfair, oppressive and unwarranted. That order means that this Court intends the parties to perform in one month all the discovery required concerning the merits of Wal-Mart's claims and to be ready for a trial that will begin on February 2, 2016. There is no justification in law or fact for that rushed discovery and trial on the merits, particularly in this case, where the four corners of the complaint *in tandem* with the parties' respective briefs amply suffice to evaluate the jurisdictional challenge.

On December 29, 2015, Plaintiff filed its Opposition to Defendant's Motion to Dismiss (**ECF No. 40**). That submission underscores that there is no need to engage in the hasty and impossible discovery schedule imposed by the Court; and that the complaint and the parties' briefs are more than enough to determine that this Court has no jurisdiction. As it is expounded hereinafter, Plaintiff's arguments are no more than red herrings which have no support in the law.

This Court deems this case as unique and important. However, even if it was – and also assuming that it requires a quick disposition– its importance would require more time for an ordered and rational discovery process. Compelling the parties to engage in a hasty discovery process in a few weeks is not the way to litigate and adjudicate a presumably important and unique case.

Wal-Mart does not and cannot aver that it requested a refund to the Treasury Department. Thus, it does not and cannot aver that its (non-existent) refund request is somehow mired in the administrative forum. Moreover, Wal-Mart's hypothetical supposition that it would take six years to get a ruling on its claims –basically because the refund proceedings are allegedly very slow– has no basis in reality. Wal-Mart can point to no case where a corporation that challenged a Puerto Rico tax did not have ready access to the Puerto Rico courts or was somehow ensnared in a purportedly

never-ending administrative refund proceeding. That just has never happened. And it certainly has not happened to Wal-Mart. Nor has Wal-Mart alleged that six (6) years in Puerto Rico state proceedings amounts to a material delay any different than the typical proceedings in other states that are ordinarily and routinely deemed speedy and efficient. Hence, Plaintiff is even barred from making the baseless claim that it cannot obtain adequate relief in the state forum. In any event, baseless and implausible averments do not merit consideration at the Rule 12(b) stage. *In support of the present Motion, Defendant further states, expounds and prays as follows*:

### Summary of the Path Leading to the Present Procedural Posture of the Case.

1.1     On December 16, 2015, two days after the case was reassigned to the current judge, this Court shortened the 21 days for filing an answer or otherwise plead, instructing Defendant "to file his answer to the Complaint on an expedited basis on or before December 21, 2015." (***ECF No. 16***). The Court also convened counsel to a conference to be held on December 23, 2015; and specified that the parties "should expect a short schedule for discovery and other issues, as well as a disposition hearing early in January 2016." *Id*.

1.2     On December 21, Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) (***ECF No. 24***), as well as his "Motion Requesting the Court to Decide Defendant's Jurisdictional Challenge Before the Scheduling of Discovery and Other Pretrial Proceedings and Trial" (***ECF No. 25***). In the latter, Defendant argued that, because the establishment of jurisdiction is the quintessential threshold matter before a court of limited jurisdiction, the Court and the parties in the instant case must first attend to that critical, dispositive matter. *ECF No. 25*, ¶ 1.3 at 2.

1.3     On December 22, 2015, this Court issued an Order denying the latter Motion and instructing Defendant "to immediately meet [Plaintiff's] allegations by filing an answer, with

defenses, today." (***ECF No. 28***, at 2).[1] The Court added: "Defendant should bear in mind that Rule 12 allows the Court to defer ruling on defenses, including jurisdictional ones, until the record satisfies the court about the merits of the defense." ***Id***.[2]

1.4    This Court stated that it can only "decide whether the Butler Act forecloses our jurisdiction ... by looking at the broad picture, not at a perfunctory Rule 12(b)(1) motion." ***Id***. The Court is aware that " the Butler Act is a major bar to our consideration of plaintiff's complaint," but deems that "this is not a typical case. The Butler Act and the Tax Injunction Act allow for exceptions. Whether those exceptions are present here, we do not yet know." ***Id***.

1.5    On December 23, 2015, the Court held the hearing it had scheduled on December 16. In that hearing, the Court rejected Defendant's contention that the complaint is enough to determine whether there is federal jurisdiction, characterizing that task as "impossible," stating that it cannot be done without discovery. *See* ***Transcript of Hearing of December 23, 2015*** at 12. The Court also rejected Defendant's position that the finances of the Puerto Rico Government do not enter in the jurisdictional equation. Defendant based that contention on a number of factors, which can be summed up as follows: Presumably, Wal-Mart will continue to be a Puerto Rico taxpayer for years to come; and if the challenged tax is judicially voided, Plaintiff will be entitled to a tax credit and

---

[1] In compliance with that order, Defendant filed his answer to the complaint. (***ECF No. 32***). That submission does not mean that he deems it necessary to file the answer in order to evaluate the jurisdictional issue and dismiss the complaint for lack of jurisdiction.

[2] This Court stated that "defendant elected to flout the court's [December 16] Order [(ECF No. 16)] and instead filed a Federal Rule of Civil Procedure 12(b)(1) motion." (***ECF No. 28***, at 1). However, context and the procedural history of the case, as well as the language of Defendants' first two motions, show that Defendant did not "flout" that Order. This Court issued its December 16 Order with no previous input from the parties. Both Defendant's motion to dismiss and the accompanying motion requesting the Court to first decide the jurisdictional challenge explained why Defendant filed a dismissal motion instead of an answer to the complaint, thus suggesting an alternate path to the one delineated by the Court before meeting counsel for the parties or otherwise having the benefit of their input. Defendants expressly anchored that alternate path in the strong policy which favors deciding first, whenever possible, the threshold issue of jurisdiction.

could stop pay its current tax liabilities until it recoups the corresponding monies. The Court answered with skepticism, stating that it doubts the existence of that credit alternative.

1.6     The Court also stated that it cannot allow the current "charade" with the governmental monies. *Tr.*, at 27-28. And that Plaintiff is "a big boy" who can decide on its own whether it wants "to dump 25 million into [the accounts of the government of Puerto Rico]." *Tr.*, at 50. Those expressions are in sharp contrast with the deference and comity found in this context in other decisions of this District Court.[3]

### Even in the Absence of the Butler Act, Federal Law Bars the Present Action, Which is Anchored on Section 1983. Hence, the Only Remedies Available to Wal-Mart Are to Be Sought in the Puerto Rico Courts.

1.7     Defendant has made and continues making a special appearance ("without submitting to the jurisdiction"), in light of the case law providing that in actions challenging a state tax, federal courts have ***no first instance jurisdiction*** and only the Supreme Court may intervene at the end of the appellate road. Moreover, that intervention by the Supreme Court does not entail the prescription of remedies, a task which is assigned to the corresponding state authorities. *See* Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 103; 116 (1981) (taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. They must seek protection of their federal rights by state remedies and may ultimately seek review of the state decisions in the Supreme Court. Federal courts may not even render declaratory judgments as to the constitutionality of state tax laws); Levin v. Commerce Energy, 560 U.S. 413,

---

[3] For instance, in Coors Brewing Co. v. Méndez-Torres, 787 F.Supp.2d 149, 198 (D.P.R. 2011), this Court through Judge Domínguez found that the Puerto Rico courts are more than up to the task in tax challenges cases: "There is nothing in the record that suggests that Coors would not receive a plain, speedy and efficient trial in the Puerto Rico court system. Contrary to the plaintiff's claims, the Puerto Rico courts have adequately addressed similar cases substantively, taking care to provide strong support for their decisions."

428; 130 S.Ct. 2323, 2334 (2010) (if " lower federal courts were to give audience to the merits of suits alleging uneven state tax burdens, ... recourse to state court for the interim remedial determination would be unavailable. That is so because federal courts lack authority to remand to the state court system an action initiated in federal court.")

    1.8    Added the Supreme Court in Levin:

> Federal judges, moreover, are bound by the TIA; absent certain exceptions, *see*., *e.g*., Department of Employment v. United States, 385 U.S. 355, 357-358 (1966), the Act precludes relief that would diminish state revenues, even if such relief is the remedy least disruptive of the state legislature's design. These limitations on the remedial competence of lower federal courts counsel that they refrain from taking up cases of this genre, so long as state courts are equipped fairly to adjudicate them.

    *Id*.

    1.9    Those words are to be heeded by this District Court. Given the Butler Act, which is constructed *in pari materia* with the Tax Injunction Act, the comity doctrine as expounded in Levin v. Commerce Energy, *supra*, as well as the aforesaid holdings in Fair Assessment, *supra*, this Court lacks jurisdiction not only to entertain the case, but certainly to provide declaratory relief as well as injunctive relief instructing Defendant to do, or enjoining him from doing, specific tasks.

    1.10    The cases cited by the Court at the December 23 hearing provide no basis for finding an exception to the jurisdictional bar of the Butler Act. Stewart Dry Goods v. Lewis, 287 U.S. 9 (1932) is a pre-Tax Injunction Act, 2-page decision which has no normative discussion at all. In any event that decision, as well as Adams County v. Northern Pacific Railway, 115 F.2d 768 (9th Cir. 1940) – which although decided before the enactment of the TIA was not subject to it because it was filed before enactment– , must be read today in light of the comity doctrine and Tax Injunction Act doctrine as expounded by the Supreme Court and even by lower federal courts, including Fair Assessment, *supra*, Levin, *supra*, and others. *See also* Iberia Líneas Aéreas de España v. Vélez-Silva,

6

59 F.Supp. 2d 266,  272 (D.P.R. 1999). *See also* Motion to Dismiss, *ECF No. 24*, ¶¶ 2.39-2.41, at 19.

1.11   In sum, Plaintiff's claims –which it expressly anchors on 42 U.S.C. § 1983– are not cognizable.[4] Hence, ironically enough, as a matter of law it is federal courts which can provide no adequate remedy to Wal-Mart. None of the remedies which Plaintiff seeks are available in this District Court.

### The Jurisdictional Challenge Requires the Court to Decide a Pure Issue of Law Which Requires Neither Discovery Nor an Evidentiary Hearing Mingled with the Merits of the Case.

1.12   Defendant submits that the Court should reconsider the current procedural path and change course to allow for a fair and complete determination of the jurisdictional question only. The central factor for this request is that whether this Court can exercise jurisdiction is a *matter of law* which has an answer in the four corners of the complaint and in the arguments the parties are submitting in support of their respective positions on that issue. In that exercise, all the well–pleaded facts included in the complaint are read in the light most favorable to the plaintiff. *See*, *e.g.*, Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000); Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987); Gooley v. Mobil Oil Corp., 851 F. 2d 513, 515 (1st Cir. 1988).

1.13   Fed. R. Civ. P. 8(a)(2) requires plaintiffs to provide in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Eschewing bald assertions and unsupportable conclusions "is merely an application of Rule 8(a)(2), not a heightened pleading standard." Educadores Puertorriqueños en Acción v. Rey Hernández, 367 F.3d 61, 68 (1st Cir. 2004).

---

[4]   Not even state courts can issue declaratory and injunctive relief in a Section 1983 action challenging therein a state tax. National Private Truck v. Oklahoma Tax Commission, 515 U.S. 582 (1995).

1.14    Moreover, courts must require plaintiffs to allege in their complaints "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). That means that plaintiffs have to nudge "their claims across the line from conceivable to plausible." *Id*. Otherwise, their complaints must be dismissed. *Id*. See also Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S., at 678. In short, once the mere conclusions and formulaic allegations are discarded, the averments that qualify as factual allegations must state a plausible claim for relief. Otherwise, dismissal is the only appropriate result.

1.15    Given those pleading requirements, there is no reason why the Complaint cannot be considered alone to ascertain whether jurisdiction can be found in the instant case. In the Complaint, Wal-Mart included, besides factual allegations and claims for relief, allegations and even arguments designed to try to show that, by exception, this Court should exercise jurisdiction.

1.16    Whether those exceptions are present is a matter of law which do not require a previous phase of *blitzkrieg* discovery and a trial. First, because as a matter of Puerto Rico law, Wal-Mart has wide open access to the Puerto Rico courts to plead its case, while it has no basis to disparage the Treasury Department's administrative proceedings and can point to no precedents where a corporate citizen/taxpayer got stuck in such proceedings. Second, because, as made known to the Court at the December 23 hearing, Wal-Mart would surely benefit, at the very least, from tax credits in the event that the challenged tax is invalidated.

1.17    Hence, as Defendant has already argued, Wal-Mart has no reason to bring to the jurisdictional equation the state of the Commonwealth's finances. Of course, Defendant does not concede that, regardless of that availability of a remedial tax credit, the current financial situation

8

of the Commonwealth's government bears on whether the jurisdictional bar of the Butler Act could be bypassed. As a matter of law, that factor does not enter in the equation and, in any event, it reinforces the considerations in favor of refusing to bypass the Butler Act.[5/]

1.18 In short, whether the Complaint shows circumstances meriting an exception to the principle that tax challenges do not belong in this District Court is a question of law which requires no inquiry beyond the four corners of the Complaint itself. The law in this area is clear and well-developed. The concomitant principles compel this Court to dismiss for want of jurisdiction.

1.19 Wal-Mart's discussion of Puerto Rico's refund procedures and their alleged inadequacy are a red herring. Litigation by confusion is not commendable at all. That is so, because Wal-Mart could request a refund under 13 L.P.R.A. § 261, *infra*, and can point to no precedent where such a course of action by a corporate taxpayer like Wal-Mart resulted in getting stuck for years (or even months) at the administrative level. Particularly in a case like this, where the Puerto

---

[5] Plaintiff bases its jurisdictional argument on a statement in Pleasures of San Patricio, Inc. v. Mendez-Torres, 596 F.3d 1, 9 n.5 (1st Cir. 2010), that "some sister circuits have indicated" that federal court jurisdiction might be available notwithstanding a state refund procedure where the challenged tax was so burdensome "that to decline [federal] equitable relief would be to deny judicial review altogether." But, as Defendant already expounded in his Motion to Dismiss (***ECF No. 24***, ¶ 2.30 at 16 and footnote 3) the First Circuit did not adopt that standard; it merely cited language in other circuit court opinions that indicated that it was theoretically possible that a given tax could be so burdensome that the taxpayer could not even afford to pay it. In fact, the Court held that Puerto Rico's refund procedure afforded the taxpayer a "plain, speedy and efficient remedy" that precluded federal court jurisdiction. Moreover, the only case cited by the court in Pleasures of San Patricio in which a court held that a tax was so burdensome as to render access to the state refund procedure moot was one in which the tax was intended to make it prohibitively expensive for the individuals potentially subject to the tax to engage in the taxed activity. In said case, Denton v. City of Carrollton, Georgia, 235 F.2d 481 (5th Cir. 1956), the tax involved was a local Georgia license fee/tax on labor organizers that was imposed at a rate of $1,000 plus $100 for every day that an organizer engaged in organizing activity. Thus, the tax –imposed in the 1950s –on a full-time labor organizer which would be equal to $32,000 per year– was well in excess of the average salary of the individuals subject to tax. In both of the other cases cited in Pleasures of San Patricio as indicating that a prohibitively burdensome tax might permit federal jurisdiction notwithstanding a state refund procedure, the court easily held that the state refund procedure involved represented a "plain, speedy and efficient remedy" that precluded federal court jurisdiction to challenge taxes on corporate taxpayers. Wal-Mart has made no claim that it is unable to pay the alternative minimum tax, and therefore –even if the standard articulated in the ending footnote in Pleasures of San Patricio represented the governing standard under the Butler Act– it has no basis for claiming that the AMT is so burdensome as to render moot its ability to take advantage of the Commonwealth's refund procedure or of the judicial proceedings in the Commonwealth.

Rico Treasury Department has no authority to grant a refund request which is based on the alleged illegality of the corresponding tax. Only a court of law can determine and declare that a tax is void. Until then, as with every statute, the tax is presumed valid and enforceable. Thus, although at this point it remains only a hypothetical proposition –Wal-Mart not yet having sought a refund– one can only plausibly presume that the Secretary would readily and swiftly deny a request based solely on a claim of unconstitutionality of the tax.

1.20   A Puerto Rico statute originally passed in 1949 and still in place, codified as 13 L.P.R.A. § 261, provides in its pertinent part as follows:

> When any taxpayer believes that he has paid or that there has been collected from him, unlawfully or unduly, or in excess of the amount due, a tax of any kind, except income taxes levied by the Income Tax Act of 1954, former Subtitle 9 of this title, the credits or reimbursements of which are authorized by said Act, **he may apply in writing to the Secretary of the Treasury of Puerto Rico for the credit or reimbursement of the same**, setting forth the reasons he may have therefore; Provided, That no credit or reimbursement of taxes covered by this section and § 262 of this title, collected or paid unlawfully or unduly, or in excess of the amount due, shall be granted after a lapse of four (4) years from the date such taxes were paid, unless before the expiration of said four (4) years the taxpayer should file with the [Secretary] **an application for credit or reimbursement in the manner aforesaid**; nor shall the amount of the credit or reimbursement exceed that part of the tax which may have been paid during the four (4) years immediately preceding the date of the application for credit or reimbursement; Provided, further, That no credit or reimbursement of any tax covered by §§ 261 and 262 of this title shall be granted unless the taxpayer shows to the satisfaction of the [Secretary] that he has sustained the burden of the payment of the tax; and Provided, finally, That the [Secretary] may, without need of application for the purpose, but after his having determined that the taxpayer has sustained the burden of the payment of the tax, grant to a taxpayer the credit or reimbursement of any tax which in his judgment may have been paid unlawfully or unduly, or in excess of the amount due...
>
> If the taxpayer's application is granted by the [Secretary], or if the latter shall, motu proprio, determine that a payment has been made unduly or in excess, **the corresponding amount in either case shall be credited by the [Secretary] to any tax or installment thereof then payable by the taxpayer**, and any remainder shall be forthwith reimbursed to the taxpayer. If the application is denied in whole or in part by the [Secretary], the latter shall so notify the taxpayer by registered mail and

the taxpayer may appeal from such denial to the Court of First Instance of Puerto Rico by filing a complaint in the form prescribed by law within the term of thirty (30) days counting from the date on which the notice of the [Secretary] denying the application was mailed; Provided, That failure to file such complaint within the term herein provided shall deprive the Court of First Instance of Puerto Rico of the power to take cognizance of the case. No remedy whatsoever shall be considered by the Court of First Instance of Puerto Rico for the credit or reimbursements of any tax covered by this §§ 261 and 262 of this title until there is a denial of such credit or reimbursement by the [Secretary], notified as provided hereinbefore; Provided, That only the person who has sustained the burden of the payment of the tax in dispute may appeal before the Court of First Instance of Puerto Rico against a denial of credit or reimbursement of any tax covered by §§ 261 and 262 of this title; and a plea to such effect, together with proper supporting proof, shall be deemed requirements without compliance with which the Court of First Instance of Puerto Rico shall not acquire jurisdiction to decide the case.

— May 10, 1949, No. 232, p. 720, § 1; Oct. 5, 1954, No. 5, p. 42, § 2.[6/]

    1.21    In Carrier Corp. v. Pérez, 677 F.2d 162, 164 (1st Cir. 1982), the Court, in an opinion penned by now Justice Breyer, acknowledged the administrative proceeding under 13 L.P.R.A. § 261, stating: "If the Secretary decides against the taxpayer he can appeal to the Superior Court of Puerto Rico. ... Review by the Supreme Court is [available]. And the taxpayer can seek review of any final Commonwealth court decision by the Supreme Court of the United States. Carrier is free to make all the arguments that it makes here in those proceedings before the courts of Puerto Rico... Hence, review in the Commonwealth system would seem 'plain, speedy and efficient.' This suit is thus barred by the Tax Injunction Act language, and a fortiori, by the Butler Act." 677 F.2d at 164. (Citations to statutes omitted). *See also* Rosewell v. LaSalle Nat. Bank, 450 U.S. 503, 518-519 (1981), where the Court deemed reasonable a two-year refund proceeding. In so concluding, the Court noted that federal district courts "have not fared much better." 450 U.S. at 519.

---

    [6]  The 2011 Puerto Rico Tax Code, Law No 1 of January 31, 2011, also includes provisions concerning refund proceedings. *See* its section 6021.02, 13 L.P.R.A. § 33022; and section 6025.01, 13 L.P.R.A. § 33061.

1.22 It is undisputed that Wal-Mart has not requested a refund of purportedly unconstitutional AMT taxes. Thus, any grievance regarding the inadequacy of a refund proceeding is premature. Moreover, Wal-Mart's speculative argument regarding undue delay lacks factual support. Wal-Mart points to no case where a corporation that challenged a Puerto Rico tax did not have ready access to the Puerto Rico courts or was somehow swallowed by a black hole of refund administrative proceedings. That just has not happened and Wal-Mart does not aver it. It certainly has not happened to Wal-Mart.

1.23 Moreover, Wal-Mart has ready access to the Puerto Rico courts. In Carlos Romero Barceló v. Estado Libre Asociado, 169 D.P.R. 460, 2006 WL 3290896 (2006), the citizens who challenged a new tax had yet to be burdened by it, but would be shortly. They alleged that the announced implementation of the tax was contrary to the corresponding statute. The Puerto Rico Supreme Court found that in such circumstances, the suing taxpayers had standing to challenge the tax in court, reiterating that taxpayers burdened by a particular tax liability have standing to go directly to court seeking a remedy. 169 D.P.R. at 473-474.

1.24 Of course, taxpayers already burdened by a tax have gone directly to the Puerto Rico court of first instance to challenge the constitutionality or otherwise validity of a tax. *See*, *e.g.*, United States Brewers Association, Inc. v. Secretario de Hacienda, 109 D.P.R. 456 (1980); Columbia Pictures Industries, Inc. v. Secretaria de Hacienda, 114 D.P.R. 749 (1983); Asoc. Importadores de Cerveza v. E.L.A., 171 D.P.R. 140 (2007). The Puerto Rico courts would be perfectly capable of granting remedies to Wal-Mart, which could very well include tax credits.

1.25 Wal-Mart's reliance on a Puerto Rico Appeals Court decision, Cámara de Mercadeo v. Acosta Febo, KLAN 201400193, 2014 WL 1694465 (2014), is not only misplaced; but that

decision supports Defendant's position. In that case, the Court found that plaintiffs' constitutional challenge was not ripe for adjudication, because the taxpayers in question had not exhausted an option available to them by the corresponding statute, which was a request for a waiver of the tax at issue. The Court of Appeals made clear that, if that option was denied to them, they could go directly to court with their challenge. Hence, that case is in any event against Wal-Mart's position.

   1.26 This case is therefore potentially similar to Rosselló-González v. Calderón-Serra, 398 F.3d 1 (1st Cir. 2005), in which the Court of Appeals found that it was in the same position of the District Court when it came to read plaintiffs' complaint and determine whether there was indeed federal jurisdiction to decide their claims. *See*, *e.g.*, Acosta Ramírez v. Banco Popular de Puerto Rico, 712 F.3d 14, 18 91st Cir. 2013)(appeals courts exercise plenary review over question of whether subject-matter jurisdiction exists). In Rosselló-González, the Court of Appeals decided against plaintiffs and ordered the dismissal of their ill-fated action. In the process, it explained why the District Court was wrong in scheduling hearings and issuing injunctive orders, which were not at all necessary to decide defendants' jurisdictional challenge.

## CONCLUSION AND PRAYER

 Defendant submits that the question of the Court's subject-matter jurisdiction over this controversy should be decided as a threshold matter, without imposing on the Secretary and other governmental officials the obligation to participate in discovery proceedings, especially in connection with the merits of the case. Defendant further contends that the conditions imposed by the Court to conduct discovery are oppressive and impair important policy considerations which are paramount under the general rules of comity that apply to cases involving tax challenges before federal courts. This is particularly true, given that this Court instructed Wal-Mart to conduct

discovery regarding areas that have a limited bearing on the constitutional dispute. Consequently, such discovery –involving even other public officials and external auditors and financial advisors of the Commonwealth, which will raise serious controversies potentially involving deliberative process privilege and public disclosure of confidential financial information– runs afoul of the proportionality principle, recently incorporated to the Federal Rules of Civil Procedure.

Those concerns are aggravated by the Court's schedule of a hearing to adjudicate the merits of the constitutional question in less than two months from the service of the Complaint, while simultaneously limiting the time to conduct discovery. Hence this Court has significantly impaired Defendant's ability to present a defense, in contravention of due process and comity values.

Whether the Butler Act bars jurisdiction is a pure question of law. The present procedural course in this litigation is contrary to that undeniable reality. And, as a matter of Puerto Rico law and procedure, Wal-Mart has not requested a refund and thus has no basis for dismissing the refund proceedings, which as the Court of Appeals has made clear in Carrier, *supra*, includes a full judicial adjudication in the Commonwealth courts. Also, Wal-Mart has no factual basis for disparaging the Puerto Rico courts and indeed can file there an action identical to the one filed in the instant case. As this District Court has found, "[c]ontrary to the plaintiff's claims, the Puerto Rico courts have adequately addressed similar cases substantively, taking care to provide strong support for their decisions." Coors Brewing Co. v. Méndez-Torres, 787 F.Supp.2d 149, 198 (D.P.R. 2011).

It is ironic that the forum selected by Wal-Mart is the one which lacks the authority to even consider its claim, much less provide relief. Given the Butler Act, the comity doctrine as expounded in Levin v. Commerce Energy, *supra*, as well as the other pertinent Supreme Court precedents, this

14

Court lacks jurisdiction not only to entertain the case, but certainly to provide declaratory as well as injunctive relief instructing Defendant to do, or enjoining Defendant from doing, specific tasks.

**WHEREFORE**, since the four corners of the complaint *in tandem* with the parties' respective briefs amply suffice to evaluate the jurisdictional challenge, Defendant requests this Court: To revisit this matter and grant this motion; to stay all discovery proceedings and adjudicate and grant Defendant's jurisdictional challenge as first articulated in his Motion to Dismiss under Rule 12(b)(1) (*ECF No. 24*); and thus to dismiss the Complaint for lack of jurisdiction.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on January 7, 2016.

**WE HEREBY CERTIFY** that on this date, we have electronically filed the foregoing Motion to Amend or Alter Orders and to Stay Discovery Proceedings with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

**GONZÁLEZ CASTAÑER, PSC**
128 F.D. Roosevelt Ave., 2nd Floor
San Juan, Puerto Rico 00918-2409
Tel. 787-758-7819/ Fax 787-758-4152

*/s/José Luis González-Castañer*
**JOSÉ LUIS GONZÁLEZ CASTAÑER**
**USDC-PR 201905**
jgonzalez@gcpsc.com;

*s/ H. Marc Tepper*
H. Marc Tepper (PA Bar No. 49084)*
*Admitted Pro Hac Vice*

**BUCHANAN INGERSOLL & ROONEY PC**
H. Marc Tepper
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Phone: 215.665.3864
Fax: 215.665.8760
E-mail: marc.tepper@bipc.com

*/s/ Roberto A. Fernández-Quiles*
**ROBERTO A. FERNÁNDEZ-QUILES**
**USDC-PR No. 206301**
rfernandez@gcpsc.com;

15

16